# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

Milwaukee Division

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 NOV 16 P 4: 26

CLERK OF COURT

| | |
|---|---|
| James Rocco-Melville Corrado<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>**-v-**<br>Ope Brewing Company LLC<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. 26-C 2135<br>*(to be filled in by the Clerk's Office)*<br>Jury Trial: *(check one)* ☑ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | James Rocco-Melville Corrado |
| Street Address | 2464 S. Austin St. |
| City and County | Milwaukee / Milwaukee County |
| State and Zip Code | WI, 53207 |
| Telephone Number | 262-744-0776 |
| E-mail Address | Jrocco2021@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Ope Brewing Company LLC |
| Job or Title *(if known)* | |
| Street Address | 6751 W. National Ave. |
| City and County | West Allis / Milwaukee County |
| State and Zip Code | WI, 53214 |
| Telephone Number | 414-509-6700 |
| E-mail Address *(if known)* | info@opebrewingco.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Ope Brewing Company LLC |
| Street Address | 6751 W. National Ave. |
| City and County | West Allis, Milwaukee County |
| State and Zip Code | WI 53214 |
| Telephone Number | 414-509-6700 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

- ☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

  *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- ☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

  *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

- ☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

  *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- ☐ Other federal law *(specify the federal law)*:

- ☑ Relevant state law *(specify, if known)*:

  Wisconsin Fair Employment Act (WFEA), Wis Stat. § 111.31 et seq.

- ☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [ ] Termination of my employment.
- [ ] Failure to promote me.
- [x] Failure to accommodate my disability.
- [ ] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [ ] Other acts *(specify)*: ______

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

03/05/2024 - 10/16/2024

C. I believe that defendant(s) *(check one)*:

- [ ] is/are still committing these acts against me.
- [x] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [ ] race ______
- [ ] color ______
- [ ] gender/sex ______
- [ ] religion ______
- [ ] national origin ______
- [ ] age *(year of birth)* ______ *(only when asserting a claim of age discrimination.)*
- [x] disability or perceived disability *(specify disability)*

  Thoracic Spinal Impairment, Degenerative Disc Disease

E. The facts of my case are as follows. Attach additional pages if needed.

see attached

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
8/11/2025

B. The Equal Employment Opportunity Commission *(check one)*:

- ☐ has not issued a Notice of Right to Sue letter.
- ☑ issued a Notice of Right to Sue letter, which I received on *(date)* 8/17/2026 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- ☐ 60 days or more have elapsed.
- ☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

see attached

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/16/2026

Signature of Plaintiff

Printed Name of Plaintiff James Rocco-Melville Corrado

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## III. Statement of Claim

Plaintiff James R. Corrado brings this action against Defendant Ope Brewing Company, LLC, under the Americans with Disabilities Act (ADA) and the Wisconsin Fair Employment Act (WFEA) for disability discrimination, failure to provide reasonable accommodations, retaliation, and constructive discharge. Plaintiff filed a timely dual Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Wisconsin Equal Rights Division (ERD) on August 11, 2025 (EEOC Charge No. 443-2025-03888; ERD Case No. CR202502699). On August 17, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights, and Plaintiff files this action within the required ninety-day period.

Plaintiff began working for Defendant at its brewery and taproom located at 6751 W. National Ave., West Allis, Wisconsin 53214, on March 1, 2023, as an Assistant Brewer/Cellarman, earning $21.50 per hour at the time of his separation. This role originally required substantial physical labor for approximately 30 to 40 hours per week, including lifting 15 to 20 grain bags on brew days that weigh 50lbs-55lbs, moving kegs weighing up to 160 pounds, and operating manual clamps and levers. Plaintiff has physical impairments that qualify as disabilities, including upper-extremity nerve compression (carpal tunnel syndrome and suspected thoracic outlet syndrome) and thoracic spinal impairments involving developmental spinal canal narrowing, degenerative changes, and disc protrusions at T6-T7 and T7-T8, confirmed by MRI testing in late August and early September 2024. These conditions substantially limit major life activities, including lifting, pushing, pulling, performing repetitive manual tasks, and working.

Plaintiff disclosed his physical limitations before being hired, verbally informed Head Brewer and co-owner Kyle Ciske in July 2023 that his symptoms were worsening, and documented his concerns in writing to Kyle Ciske and co-owner John Onopa on October 9, 2023, requesting reassignment or workplace accommodations. Plaintiff remained employed based on ownership's verbal assurances that accommodations would be provided and a replacement would be hired. On March 5, 2024, Plaintiff provided Defendant with formal medical restrictions from his orthopedic provider prohibiting pushing, pulling, or lifting more than 25 pounds, and prohibiting using levers or performing manual tasks requiring more than 10 pounds of force. These restrictions were extended on March 18, 2024, and reissued with the same limitations on June 24, 2024. Between March 13, 2024, and October 7, 2024, Plaintiff regularly attended occupational therapy appointments and diagnostic evaluations, providing continuous written updates to ownership. Following his thoracic spine MRI, Plaintiff formally notified ownership in writing on September 11, 2024, that he likely would never be able to return to physical brewery labor.

Despite receiving Plaintiff's formal medical restrictions and hiring Cameron Patterson to replace Plaintiff in his physical brewery duties, Defendant never established a written accommodation plan, a clearly defined modified position, or a consistent work schedule. Instead, on April 15, 2024, Defendant instructed Plaintiff in writing to enter his own hours into the calendar "as best you can," leaving Plaintiff responsible for determining his own schedule and working limitations. To continue contributing within his physical capabilities, Plaintiff independently initiated and performed non-physical work involving information technology, computer networking, point-of-sale systems, audio/visual equipment, inventory data, and software automation, including developing an Automated SlackBot for keg fill requests and inventory tracking. Defendant utilized and relied upon these contributions through Plaintiff's final week, but never formally established them as an accommodated position. Defendant also retained an outside Human Resources consultant, Corissa Daines, and privately consulted her regarding Plaintiff's medical circumstances, while denying Plaintiff's specific request to meet with Human Resources before his August 2024 MRI to discuss and formalize his accommodations.

Following earlier verbal discussions concerning reduced working hours, Plaintiff emailed John Onopa and Kyle Ciske on August 27, 2024, requesting a formal part-time schedule of Wednesday through Friday, from 9:00 a.m. to 3:30 p.m., totaling approximately 20 hours per week, based on his ongoing medical limitations and needs, health insurance circumstances, and financial situation. Defendant did not acknowledge or formally approve the request, and Plaintiff continued working more than 20 hours per week afterward. Rather than evaluating available job duties against Plaintiff's documented restrictions, Defendant continued placing responsibility on Plaintiff to determine which tasks he could safely perform, while continuing to assign physical duties that conflicted with his restrictions. These included brewery work on June 19, 2024, and weekly ice machine emptying and maintenance duties historically performed by closing bartenders, which involved scooping, bagging, and moving multiple approximately 10-pound bags of ice.

When Plaintiff raised concerns to co-owner John Onopa regarding Kyle Ciske's failure to understand, address, and/or respect his medical restrictions, Onopa defended Ciske and confronted Plaintiff rather than addressing the accommodation concerns. On October 2, 2024, during a weekly staff meeting known as the "State of the Cooler Address," John Onopa and Kyle Ciske publicly reprimanded Plaintiff in front of coworkers for not completing the reassigned ice machine maintenance, stating that when Plaintiff was directed to perform a task, he could not simply refuse to do it. This occurred despite Plaintiff having previously questioned how the assignment complied with his medical restrictions and having no practical way to complete the ice removal and bagging portion without exceeding his lifting limitations. Having been accepted into the Wisconsin Division of Vocational Rehabilitation (DVR) on September 26, 2024, and facing continued physical demands, the absence of a meaningful accommodation arrangement, and retaliatory treatment, Plaintiff submitted his two-week resignation notice on October 2, 2024, effective October 16, 2024, constituting constructive discharge. On October 7, 2024, Plaintiff completed the non-strenuous automated chemical cleaning cycle on the ice machine by using hot water to melt the remaining ice, leaving the physically restricted ice removal and bagging portion unperformed.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe economic damages, including lost wages, the forced premature full liquidation of his 401(k) retirement account in January 2025 to pay basic living expenses, accumulated debt, delinquent balances, and ongoing financial distress.

Date: 11/16/26

Name/Signature: James R. Corrado

## V. Relief

Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and order make-whole relief to restore Plaintiff to the financial position he would have held absent Defendant's unlawful conduct. Specifically, Plaintiff asks the Court to declare that Defendant violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112 et seq., and the Wisconsin Fair Employment Act (WFEA), Wis. Stat. § 111.31 et seq., and to order Defendant's ownership and management to undergo formal ADA compliance training. Although Plaintiff's employment ended on October 16, 2024, the economic harm from Defendant's conduct continues today because Plaintiff remains unemployed without regular wages while undergoing vocational retraining through Wisconsin's Division of Vocational Rehabilitation (DVR), and Plaintiff continues to incur compounding monthly interest, late fees, and collection balances on debts accrued to survive after losing his employment.

Plaintiff requests an award of $46,870.00 in actual economic damages for back pay to date, plus ongoing back pay through the date of judgment and front pay, or reinstatement into a comparable, medically accommodated position. This back pay amount is calculated at Plaintiff's wage rate of $21.50 per hour at the requested 20 hours per week across 109 weeks since October 16, 2024, minus $0.00 in interim wages.

Plaintiff further requests $41,363.00 in actual out-of-pocket economic damages and debt restoration, and charged-off or collection balances. This includes $11,612.93 for the premature full liquidation of Plaintiff's 401(k) in January 2025 to pay basic living expenses and documented delinquent balances accrued for basic living expenses, consisting of Chase Freedom $7,621.13, Landmark Credit Union $6,331.93, plus the charged-off Capital One account $14,182.86 and AmeriCollect balance $1,614.15.

Plaintiff claims $0.00 in punitive or exemplary damages, seeking strictly equitable relief, along with recoverable litigation costs and any further relief the Court deems just and proper.

Date: 11/16/26

Name/Signature: James R. Corrado